(No. 3510—)

August Billek, Claimant, vs. State of Illinois, Respondent.

*Opinion filed November 13, 1940.*

Claimant, pro se.

John E. Cassidy, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

For more than one year prior to March 27, 1940, claimant was employed as an automobile mechanic by the Division of Highways, Bureau of Machinery, at its central garage in the City of Springfield. On the last mentioned date, while engaged in operating a milling machine in the performance of his duties, claimant's left hand was drawn into the machine, whereby he sustained injuries to the first and second fingers of the left hand, which thereafter required the amputation of the first finger at the middle joint, and the amputation of the second finger at the middle of the middle phalanx. The third finger of the left hand was lacerated but no permanent disability resulted therefrom. Claimant was immediately taken to St. John's Hospital in Springfield, where he remained until April 1, 1940. On May 1st, 1940 he returned to his work with the Division of Highways, and now asks for compensation for the injuries sustained by him as aforesaid.

Upon consideration of the record the court finds:

That on March 27, 1940 claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State; that on said date the claimant sustained accidental injuries which arose out of and in the course of his employment; that notice of the accident was given to said respondent and claim for compensation on account thereof was made within the time required by the provisions of said Act; that the earnings of the claimant during the year

preceeding the accident were $2,118.27;—and his average weekly wage was $40.73; that claimant at the time of the injury was forty-two years of age and had one child under the age of sixteen years; that necessary first aid, medical, surgical and hospital services were provided by the respondent; that claimant was temporarily totally disabled from the date of his injury as aforesaid, to May 1st, 1940, to-wit, for a period of four and six-sevenths weeks; that he also suffered the loss of more than one phalange of the first and second fingers of his left hand, which, under Paragraph E-7 of Section 8 of the Compensation Act is considered the loss of the entire fingers.

We further find that the claimant is entitled to have and receive from the respondent the sum of $16.50 per week for four and six-sevenths weeks for total temporary disability, in accordance with the provisions of Paragraph (b) of Section 8 of the Compensation Act, and the further sum of $16.50 per week for a period of seventy-five (75) weeks for the loss of the first and second fingers of his left hand, in accordance with the provisions of Paragraphs E-2 and E-3 of Section 8 of the Compensation Act.

We further find that the claimant has been paid the sum of $119.87 for non-productive time, which must be considered as payment of compensation and deducted from the amount which he is entitled to have and receive as above set forth.

We further find that thirty-three (33) weeks' compensation has accrued to November 13, 1940, and that the amount due on account thereof, namely, Five Hundred Forty-four Dollars and Fifty Cents ($544.50), less the sum of One Hundred Nineteen Dollars and Eighty-seven Cents ($119.87) heretofore paid to claimant as aforesaid, to-wit, the net amount of Four Hundred Twenty-four Dollars and Sixty-three Cents ($424.63), is payable forthwith, and the balance of said compensation, to-wit, the sum of Seven Hundred Seventy-three Dollars and Fourteen Cents ($773.14), is payable in weekly installments of Sixteen Dollars and Fifty Cents ($16.50) commencing November 20, 1940.

Award is therefore entered in favor of the claimant August Billek for the sum of Eleven Hundred Ninety-seven Dollars and Seventy-seven Cents ($1,197.77), payable as follows, to-wit:

a) The sum of Four Hundred Twenty-four Dollars and Sixty-three Cents ($424.63) is payable forthwith, being the amount of compensation which has accrued to November 13, 1940, less the amount heretofore paid as above set forth.

b) The balance of Seven Hundred Seventy-three Dollars and Fourteen Cents ($773.14) is payable in forty-six (46) weekly installments of Sixteen Dollars and Fifty Cents ($16.50), commencing November 20, 1940, and one final installment of Fourteen Dollars and Fourteen Cents ($14.14).

This award, being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," (Illinois Revised Statutes, 1939, Bar Association Edition, Chapter 127, Pars. 180-181), and being subject also to the terms of an Act entitled "An Act Making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies Until the Expiration of the First Fiscal Quarter After the Adjournment of the Next Regular Session of the General Assembly," approved July 1st, 1939 (Session Laws 1939, page 117) ; and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided by the foregoing Acts.